Margaret COSTANTINO

v.

UNITED STATES of America.

Civ. A. No. 81–1571.

United States District Court,
E. D. Pennsylvania.

Dec. 1, 1981.

On Second Application for Attorney's Fees
Jan. 15, 1982.

Joseph E. Lastowka, Jr., Kassab, Cherry & Archbold, Media, Pa., for plaintiff.

Will E. McLeod, U. S. Dept. of Justice, Tax Division, Washington, D. C., Dawn MacPhee, Asst. U. S. Atty., E. D. Pa., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action for recovery of allegedly overpaid taxes for the years 1977 and 1978 was resolved pursuant to an agreement between the parties. On October 19, 1981, this court entered judgment in favor of the plaintiff for taxes overpaid for 1977, in the amount of $1,283.00, plus interest, and judgment in favor of the defendant and dismissal of the plaintiff's other claims for recovery of allegedly overpaid taxes for 1977 and 1978.

Also on that date, plaintiff filed an application for an award of attorney's fees and expenses, pursuant to the recently amended 28 U.S.C. § 2412.

The government opposes the award of attorney's fees, claiming that plaintiff is not the prevailing party, that the government's position in withholding the refund was substantially justified, that plaintiff unduly protracted final resolution of the case, and that the fee application is procedurally deficient. For the reasons to follow, the plaintiff's application is denied, without prejudice, with leave to amend within twenty (20) days.

The Equal Access to Justice Act, P.L. 96–481, 94 Stat. 2321, which took effect October 1, 1981, amended 28 U.S.C. § 2412 to permit a court, in its discretion, to award reasonable attorney's fees, expenses and costs to the prevailing party in any civil action brought by or against the United States. The United States is liable for such fees and expenses to the same extent that any other party would be liable under the law for such an award, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

In the analogous context of applying the prevailing party language of the Civil Rights Attorney's Fees Award Act, Publ.L. 94–559, 90 Stat. 2641, the Third Circuit has stated that the district courts "should analyze the results obtained by the petitioning party on particular claims." *Hughes v. Repko,* 578 F.2d 483, 487 (3d Cir. 1978). The court went on to say that "[a] prevailing party on a particular claim is one who fairly can be found ... to have essentially succeeded on such claim.... [I]n many cases a party may prevail on his basic claim but not on all aspects thereof." *Id.* "If he essentially succeeds in obtaining the relief he seeks in his claims on the merits, the plaintiff becomes a prevailing party. *Swietlowich v. County of Bucks,* 620 F.2d 33, 34 (3d Cir. 1980). "[T]he fee-petitioner cannot be treated as the prevailing party to the extent he has been unsuccessful in asserting a claim." *Hughes v. Repko,* 578 F.2d at 487.

In support of its argument that plaintiff is not a prevailing party, the government asserts that an award of attorneys fees is unwarranted because it has always been the government's position, both before the start and throughout the course of this litigation, that plaintiff was entitled to a refund of $1,283.00. It is precisely that amount which the government has agreed to refund in settlement of plaintiff's claim. Unfortunately for the government, its very assertion of that argument reveals just how untenable its position really is. The very statement that the government recognized that the money was due plaintiff, coupled with the fact that it had not yet been paid to her at the time the lawsuit was commenced, leads to the inescapable conclusion that the lawsuit itself is directly responsible for payment of the $1,283.00 which will be made to plaintiff. Thus, to say that the plaintiff did not prevail is to ignore the history of this matter before commencement of this litigation, and the plaintiff's unsuccessful attempts to obtain a refund, for despite the admission of the IRS in 1979 that the money should and would be refunded, it was only after the present legal action was initiated, and as a direct result thereof, that the money will finally be refunded.

Of course, plaintiff has the status of a prevailing party only with regard to the $1,283.00 refund, for by the terms of the settlement, that is the only claim for which it will be paid.

Similarly, the assertion that the government's action was substantially justified must be rejected, for if the government never contested the $1,283.00 refund, what possible justification could there be for its failure to pay that money to plaintiff. As for the government's alleged justification of its actions with regard to the plaintiff's other claims, on which plaintiff did not prevail, the government may not thereby attempt to justify the withholding of a payment which it itself has admitted, since 1979, it owed to plaintiff. Moreover, this case appears to be precisely the type which

Congress intended to be covered by the Equal Access to Justice Act, for there is here no good reason to deny an award of attorneys fees and costs.

■ Turning to the government's next contention, we do not believe that plaintiff or her counsel unduly protracted final resolution of this matter in order to fall within the ambit of the October 1, 1981 statutory changes regarding award of attorneys fees against the United States. Indeed, such an argument is at best disingenuous when advanced by the party which has by its own actions delayed refund of an overpayment first brought to its attention in 1978.

We have concluded that plaintiff is entitled to an award of attorneys fees and costs to the extent that she is the prevailing party in this litigation. However, plaintiff's attorney has not provided the court with a breakdown of the time spent solely in support of plaintiff's $1,283.00 claim on which she did prevail, nor was there any attempt to differentiate between the time spent on that claim and the time spent on the other claims on which plaintiff did not prevail. Nevertheless, with regard to time spent on non-prevailing claims, "[s]uch services are compensable . . . if they overlapped and also supported the prosecution of a successful claim." *Planned Parenthood Ass'n of Southeastern Pennsylvania*, 508 F.Supp. 567, 570 (E.D.Pa.1980).

Despite our conclusion that an award of fees and costs is appropriate in this matter, on the basis of the information supplied to the court by plaintiff in support of her motion, we cannot make a determination as to the actual amount of the fees to be awarded to plaintiff. Due to the plaintiff's failure to itemize the hours spent in furtherance of the $1,283.00 tax overpayment claim and to differentiate from those hours spent in furtherance of the other tax overpayment claims on which plaintiff did not prevail, we simply lack sufficient facts upon which to base an award of fees in a particular and certain amount. We refuse to speculate on so important an aspect of this fee award petition, and thus have no recourse but to deny the plaintiff's motion, without prejudice, with leave to amend within twenty (20) days. Entry of an award in the proper amount shall be made only upon submission of information adequate for a reasoned determination by this court.

On Second Application For Attorney's Fees

By Memorandum Opinion and Order of December 1, 1981, this Court determined that pursuant to the Equal Access to Justice Act, P.L. 96–481, 94 Stat. 2321, amending 28 U.S.C. § 2412, plaintiff was entitled to an award of attorney's fees and costs. Nevertheless, we denied plaintiff's application for such an award, without prejudice, and with leave to amend within twenty (20) days, because of plaintiff's failure to supply us with information sufficient to enable us to make an award only for those claims on which plaintiff prevailed, and not on those claims on which plaintiff did not prevail. A "Revised Statement of Services Requested By Order of Court" has been submitted by plaintiff, and an "Opposition" thereto filed by the United States. For the reasons which follow, we award plaintiff attorney's fees and costs in the amount of $761.09.

The first step in determining the amount of a fee award is the calculation of the lodestar, or hours of service multiplied by the hourly rate. *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir. 1976) (*Lindy II*); *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973) (*Lindy I*). In calculating the number of hours of service, credit is given only for hours "reasonably supportive" of successful claims. *Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978). "The burden of persuasion must rest on the petitioner to demonstrate to the Court the number of hours attributable to the successful claim, and also to demonstrate that the number of hours so attributable was reasonably necessary to perform the work at issue. *Id.*

In his "Revised Statement of Services" plaintiff's attorney explains that plaintiff's primary claim, and principal motivating factor in her decision to sue, was for

$1,283.00, the amount in fact successfully recovered as a result of this action, and that the other claims were merely collateral. Although we cannot fully accept the statement that "all services related to the filing of the lawsuit and representation in the Court proceedings should be characterized as relating solely to the claim on which plaintiff did prevail," it now appears to us that despite the existence of plaintiff's "collateral" claims, all the time spent and services rendered by plaintiff's attorney, and for which an award of fees is claimed, can reasonably be said to have been on behalf of plaintiff's primary claim, on which she did prevail. Moreover, any services which may have been rendered in furtherance of those collateral, non-prevailing claims are nevertheless compensable as they "overlapped and also supported the prosecution of a successful claim." *Planned Parenthood Ass'n of Southeastern Pennsylvania*, 508 F.Supp. 567, 570 (E.D.Pa.1980).

Accordingly, we believe that an award of fees and costs can be made at this time.

Plaintiff's attorney lists the following legal services performed by him in April, 1981, for a total of 5.0 hours: "Review of file correspondence with Internal Revenue Service for purpose of preparing Complaint Requesting Refund; dictation of Complaint; transmittal of material to U. S. District Court for docketing of Complaint and service upon proper persons."

The Court believes that 2.25 hours would have been more than enough time in which to perform those services, and will reduce the amount of the award accordingly. No details are supplied as regards the nature of the file correspondence which was reviewed, or the difficulty of that task. Based on our knowledge of the facts of this matter, we determine that 1.75 hours would have been sufficient time for such review. The complaint filed by the plaintiff very briefly sets out the basis of her claim, and consists of 2½ pages. In our opinion, once the review of the file correspondence had been completed, the complaint could have been prepared in 0.50 hours. As for the transmittal of material to the court for docketing, and service of the complaint, it is unclear whether plaintiff's attorney himself performed those tasks in person. If so, no award is appropriate as those actions could have been completed by mail or messenger. If not, no attorney legal services were used, and no award can be made.

The next services for which an award is requested are as follows: "May, 1981—Receipt and review of letter from Tax Division of the United States Department of Justice, payment of U. S. Marshal Service fees." Plaintiff requests 0.50 hours for these services.

We have not been apprised of the nature of the letter, but we feel certain that it could have been adequately reviewed in 0.20 hours. As with the docketing and service of the complaint, we are not sure if payment of the Marshal's fee was made in person by plaintiff's attorney, but at any rate, no award is appropriate.

The following services were performed by plaintiff's attorney in July, 1981: "Receipt and review of Answer to Complaint; pretrial proceedings before Judge Weiner followed by meeting between Defendant's attorney, Plaintiff's attorney, and Internal Revenue Service Official at the direction of Judge Weiner for informal discovery of records of Internal Revenue Service; subsequent receipt and review of Pre-Trial Report and Order." Plaintiff claims 4.0 hours for these services.

For review of the Answer to the Complaint, a document of 1½ pages, we think 0.10 hours is sufficient. A total of 2.5 hours will be allowed for pre-trial proceedings and the meeting with the IRS official. Review of this court's Pre-Trial Report could have been accomplished in 0.05 hours.

For September, 1981, a request is made for an award of 0.50 hours for a telephone conference with the defendant's attorney and the court. We shall allow 0.20 hours for that phone call.

1.5 hours of plaintiff's attorney's time was consumed in October, 1981 for "Preparation of Motion for Judgment and transmittal of same to Judge Weiner and De-

fendant's attorney." We believe that 0.75 hours would have provided ample time for completion of that motion. As previously noted in this memorandum, no award shall be made in connection with transmittal of the document to the court.

An award is requested as well for legal fees incurred by plaintiff's attorney in pursuing this matter in administrative proceedings before the IRS. Such an award is authorized by the newly amended 28 U.S.C. § 2412(d)(3). Since that statute is applicable to all cases pending on October 1, 1981, contrary to the Government's argument, there is no issue of retroactivity with regard to our award in this case. The statute provides that in an action for judicial review of an adversary adjudication, the court shall include in its award fees and expenses to the "same extent authorized" in 5 U.S.C. § 504(a), unless the position of the United States was substantially justified or special circumstances make an award unjust. 5 U.S.C. § 504(a) provides for the award of costs and fees to a prevailing party in an agency adversary adjudication, unless the position of the agency was substantially justified or special circumstances make an award unjust.

In our earlier Memorandum Opinion and Order we concluded that the position of the United States was not justified, and we did not find any circumstances which would make an award of fees and costs unjust. We reiterate that determination, and have concluded that it applies as well to the adversary adjudication of the IRS. Although plaintiff requests payment for 4.0 hours of services in that regard, we shall award plaintiff 3.0 hours for services at the administrative level.

We find that the hourly rate of $75.00 is reasonable; and we award attorney's fees for a total of 9.05 hours, at plaintiff's attorney's hourly rate of $75.00 for a total of $678.75. Having thus calculated the lodestar, we may increase or decrease that figure by considering the contingent nature of success in the matter and the quality of the attorney's work. *Lindy I, supra.* We see no compelling reason to make such an ad-

justment of the lodestar, especially when neither the plaintiff nor the defendant has requested that we do so.

Finally, we shall award plaintiff the costs of $60.00 filing fee, $10.24 Marshal's fee, and $12.10 telephone expenses, a total of $82.34. The total award is therefore $761.09.