GRACE BAPTIST CHURCH

v.

The UNITED STATES.

No. 737–81T.

United States Claims Court.

Oct. 13, 1982.

Nicholas S. Nadzo, Portland, Me., for plaintiff.

Allan C. Lewis, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

LYDON, Judge:

Plaintiff has made application seeking an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2325, 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980). In its application, plaintiff seeks an award of $2,345 for attorney's fees (33.50 hours at $70 per hour) and $65.27 for expenses, or a total award of $2,410.27.[1] While the parties do not discuss the matter, it would appear that as a tax exempt organization described in 26 U.S.C. § 501(c)(3), plaintiff is deemed eligible for such an award under section 2412(d)(2) of the Act, *supra.*

Plaintiff asserts that defendant's position before the Internal Revenue Service (IRS) was not substantially justified and that defendant's actions at that level forced it to file suit in vindication of its rights. Plaintiff, in support of its position that defendant's actions administratively were not substantially justified, stresses the fact that defendant, after the filing of plaintiff's petition on December 30, 1981, in the United States Court of Claims, conceded liability, and, on June 30, 1982, entered into a stipulation for entry of judgment prior to the

---

1. As to the claimed attorney's fees, $1,382.50 (19.75 hours) can be allocated to pre-litigation efforts, *i.e.,* administrative or agency activities, and $962.50 (13.75 hours) can be allocated to litigation activities. As to costs, all of which can be considered part of the litigation effort, plaintiff seeks recovery for copies ($44.85), telephone ($9.00), postage ($1.42) and fee re petition filed in U.S. Court of Claims ($10.00). All pre-litigation expenses were incurred prior to October 1, 1981, the effective date of the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, (Supp.IV 1980), whereas all litigation expenses were incurred after said effective date.

filing of an answer to plaintiff's petition.[2] Thus, issue was never joined in the law suit. Defendant maintains, *inter alia,* that defendant's position was substantially justified at all levels administratively and judicially. Defendant further stresses that it is the litigating position taken by the Department of Justice in defending the suit, not the administrative position of the agency involved that is central when determining whether the position of the United States was substantially justified. For reasons discussed below, plaintiff's application for attorney's fees and expenses is denied.

## I

Plaintiff in this case is a religious organization under section 501(c)(3) of the 1954 Internal Revenue Code (IRC), as amended, which is exempt from income tax under section 501(a) of the Code. The question in this case involved plaintiff's obligation to pay social security taxes (Federal Insurance Contributions Act (FICA)) for the third quarter of 1976. The imposition of social security taxes on non-profit organizations such as plaintiff has long been troublesome and has led to rather frequent statutory changes. This matter is fully discussed in *Hospital Data Center of S.C. v. United States,* 225 Ct.Cl. 158, 634 F.2d 541 (1980) and need not be explored further here.

Suffice it to say for purposes of decision herein that the IRS, based on its administrative file, proposed an assessment of social security taxes, *inter alia,* on plaintiff for the third quarter of 1976 asserting that plaintiff had satisfied the three criteria set forth in section 3121(k)(4)(A) of the Code

which required plaintiff to participate in the social security system and thus withhold and pay over the taxes in question. Plaintiff responded to this proposed assessment by asserting that a refund of social security taxes for the fourth quarter of 1975 had been made and thus section 3121(k)(4)(A) was not applicable relative to the third quarter of 1976. Comments in the administrative file indicate that government records did not reflect such a refund or abatement and that plaintiff was requested by IRS to substantiate its allegation that such a refund was made. Plaintiff indicated, in reply, that it could not do so.[3]

On February 18, 1981, plaintiff was sent a "Final Notice" seeking payment of the taxes due. Plaintiff, on February 23, 1981, paid the assessed taxes of $597.87, plus accumulated interest and penalty of $38.86 and on July 23, 1981, filed a claim for refund with IRS. In this refund claim plaintiff again claimed that the 1975 refund referred to above precluded application of section 3121(k)(4)(A) to it and also raised constitutional objections to the application of said section. Plaintiff did not proffer any additional information to IRS. As to plaintiff's constitutional objections, the essence of these objections were rejected in *Hospital Data Center of S.C. v. United States, supra.* Plaintiff, on July 29, 1981, filed a waiver of statutory notification of claim disallowance.

On December 31, 1981, plaintiff filed its petition in the United States Court of Claims for recovery of the taxes, interest and penalty paid covering the third quarter of 1976.

---

**2.** By order dated July 9, 1982, on the basis of the stipulation of judgment filed by the parties, the United States Court of Claims entered a judgment in favor of plaintiff for $636.70 plus interest thereon as provided by law.

**3.** Plaintiff had filed Form 941 (Employer Quarterly Federal Tax Return) and paid social security taxes for one employee during the last three consecutive quarters of 1974. The administrative file indicated that documents filed with the Internal Revenue Service (IRS) reflected no liability for the first, second and third quarters of 1975; that Form 941 had been filed for the fourth quarter of 1975, and the first, second,

and fourth quarters of 1976 and the first quarter of 1977; that Form 941E was filed which reported only withheld income taxes for the third quarter of 1976; and that Form 941E was filed for the last three quarters of 1977. Ostensibly, the information in these documents, supplied by plaintiff provided the basis for the belief of the IRS that plaintiff was responsible for the taxes for which assessment was sought. Plaintiff in its responding brief does not take issue with the statement of facts asserted by defendant in its brief on which the above recitation is based.

In its opposition to plaintiff's application, defendant's attorney advised that upon review of plaintiff's petition and based upon his independent research, he concluded that plaintiff was not liable for the tax in question for the third quarter of 1976 due to the provisions of section 3121(k)(4)(c).[4] Having determined that plaintiff was entitled to the refund sought, defendant's attorney prepared and sent to plaintiff's attorney a stipulation for entry of judgment of $597.87 as a tax refund and $38.86 as a return of the accumulated interest and penalty previously paid, plus entitlement to interest thereon as provided by law. This executed stipulation was filed with the Court of Claims on June 30, 1982, and judgment was entered pursuant thereto on July 9, 1982.

## II

Under the Equal Access to Justice Act, *supra,* a "prevailing party other than the United States" shall be awarded:

> * * * fees and other expenses * * * incurred by that party in any civil action * * * brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Plaintiff bluntly contends that the position of defendant in forcing plaintiff to institute suit was not substantially justified and thus it is entitled to an award of attorney's fees and expenses.

There is conflict in the reported decisions as to whether the "position of the United States" for which substantial justification must be found to preclude an award of fees and expenses is the litigating position before the court or whether it also embraces governmental actions prior to actual litigation. *Citizens Coalition For Block Grant Compliance v. City of Euclid,* 537 F.Supp. 422, 426 (N.D.Ohio 1982); *Operating Engi-*

*neers Local Union No. 3, Etc. v. Bohn,* 541 F.Supp. 486, 493–96 (D.Utah 1982); *see Berman v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D.Ill.1982); *Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225, 228 (D.Md.1981). *But see Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 352 (D.D.C. 1982); *see also Matthews v. United States,* 526 F.Supp. 993, 1008–09 (D.M.D.Ga.1981); *Constantino v. United States,* 536 F.Supp. 60 (D.C.Pa.1981). The conflicting decisions are not surprising since neither the language of the Act nor its legislative history provides a clear-cut answer in this regard.

It is not necessary in this case to enter this thicket in order to dispose of this matter for both at the administrative level and at the litigating level, the position of the government is deemed to have been substantially justified.

■ The test under the Act of whether governmental action is substantially justified is basically one of reasonableness. Where the government shows that its case had a reasonable basis in fact and/or in law, no award of fees and expenses should be made. *Berman v. Schweiker, supra,* 531 F.Supp. at 1153. This is especially true in cases such as this which involve complex legislation. One has only to read the provisions of the Code dealing with religious organizations and payment of social security taxes for employees of said organizations to corroborate this fact. *See Hospital Data Center of S.C. v. United States, supra.* In this case defendant has carried its burden since its actions were clearly reasonable and proper.

At the administrative level, the IRS assessment was based on information supplied by plaintiff. Although requested to do so, plaintiff was unable to provide support for a critical assertion it made relative to its position that the provisions of section 3121(k)(4)(A) were not applicable to it. Plaintiff had alleged, in response to the proposed assessment, that FICA taxes previously paid by plaintiff for the fourth

---

4. In its petition, plaintiff alleged that it was not subject to the taxes in question because it was exempt from such taxes by section 3121(b)(8)(B) and had not constructively waived its exemption from said taxes under section 3121(k)(4). Plaintiff had never mentioned section 3121(k)(4) in support of its claim at the administrative level.

quarter of 1975 had been refunded by IRS and thus plaintiff was not subject to the provisions of section 3121(k)(4)(A). The IRS was unable to verify any such refund to plaintiff and although requested to do so by IRS, plaintiff did not substantiate the receipt of any such refund. Under these circumstances, the IRS was certainly not unreasonable in formalizing the assessment and ordering plaintiff to pay the taxes in question. After filing its refund claim, based on the contention, *inter alia,* that the refund of FICA taxes covering the fourth quarter of 1975 made section 3121(k)(4)(A) inapplicable and thus vitiated the assessment of FICA taxes for the third quarter of 1976, plaintiff waived statutory notification of claim disallowance and thereafter filed suit.

After the petition was filed, the government attorney assigned to defend the litigation engaged in independent research and analysis of the matter and concluded that another provision of the Code, section 3121(k)(4)(C), not cited or relied on by plaintiff in support of its claim at the administrative level, justified allowance of the claim. The matter was subsequently stipulated for entry of judgment and a judgment so entered. In conceding liability and stipulating for entry of judgment, prior to filing its answer to the petition and thus joining issue, the government acted in a commendable manner fully consonant with the spirit and purpose of the Equal Access to Justice Act. *See Operating Engineers Local No. 3, Etc. v. United States, supra,* 541 F.Supp. at 496.

On the basis of the materials before the court, it cannot be said that the actions of the government either at the administrative level or at the judicial level were in any way "reprehensible." Since said actions cannot be so categorized, plaintiff is not entitled to an award of attorney's fees and expenses under the Equal Access to Justice Act, *supra. Papson v. United States,* Ct.Cl. No. 602–80T (order entered June 18, 1982). In upholding the determination of a trial judge (reported in 82–1 U.S.T.C. 19,098)

that an award of attorney's fees and expenses under the Act was not warranted, a panel of the Court of Claims in *Papson* noted: "Clearly not every failure of the government's defense against a tax claim or in a related issue denotes reprehensible or otherwise improper conduct of public officials. Congress knows how to provide for fees whenever the government is the loser, but has not done so in this class of case." The *Papson* holding is strikingly applicable to the case at bar. In *Papson,* the Treasury Department refused to accept so-called "Flower Bonds" in payment of estate tax liabilities thereby forcing the taxpayer to file suit in the Court of Claims where, after answer was filed and issue joined, pretrial proceedings were undertaken. Thereafter, the litigation was dismissed by stipulation of the parties when the plaintiff was notified that the Treasury Department had accepted the "flower-bonds" in payment of estate taxes. If the government's administrative and litigation activities in *Papson* were not deemed sufficiently unjustifiable to warrant an award of attorney's fees and expenses, *a fortiori,* the facts in this case likewise do not warrant any such award.

Plaintiff's application for attorney's fees and other expenses under 28 U.S.C. § 2412(d)(1)(4) is denied.[5]

---

**5.** Defendant has raised a number of other issues but it is not necessary for the court to

pass judgment on them since the holding reached herein moots them all.