**10**

J.H. MILES & COMPANY, INC., Atlantic Vessels, Inc., and Atlantic Vessels of Delaware, Inc.

v.

The UNITED STATES.

No. 719–81T.

United States Claims Court.

July 11, 1983.

George H. Bowers, Jr., Norfolk, Va., for plaintiffs.

Michael J. Dennis, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

On June 8, 1983, plaintiff filed a motion for enlargement of time requesting:

"a 30-day enlargement of time, from June 9, 1983, to and including July 9, 1983, within which to file an Application for Attorney Fees and Expenses as provided under Rule 81(e) of this Court."[1]

The present action of subject case stems from a petition filed by plaintiffs in the predecessor United States Court of Claims on December 17, 1981, in which they prayed for a tax refund in the total amount of $47,147.00, including interest. There, plaintiffs were aggrieved by the refusal of the Internal Revenue Service to allow their claims for refund filed for the fiscal years ending July 31, 1975, and July 31, 1976, which were based on alleged entitlement to investment tax credits for such years with

---

1. RUSCC 81(e) summarily restates the statutory prerequisites regarding the filing of applications for attorney fees and expenses, set forth in § 2412(d)(1)(B), Title 28 U.S.C., which *must* be met in order to obtain the benefits of the Equal Access to Justice Act, amended by Section 204, Title II, Pub.L. No. 96–481, 94 Stat. 2325, 28 U.S.C. § 2412 *et seq.*

respect to a certain "qualified investment" property pursuant to Sections 38, and 46–48, Title 26 United States Code (Internal Revenue Code of 1954). On May 10, 1983, and without filing an answer or other dispositive pleading to the above-stated petition, defendant entered into a Stipulation for Entry of Judgment with plaintiffs "in the amount of $47,157.00 in tax, plus interest according to law." Said stipulation also contained the following caveat:

"Execution of this stipulation does not preclude the plaintiffs from claiming costs, fees, or other expenses under 28 U.S.C., Sec. 2412."

Concomitantly therewith, on May 10, 1983, this court, in accordance with the foregoing stipulation, *entered final judgment* for the plaintiffs in the amount of $47,157.00 plus interest according to law.

Against this background, on June 8, 1983, counsel for plaintiffs filed with the Clerk of this Court the previously mentioned motion for a 30-day extension of time within which to file an application for attorney fees and expenses pursuant to RUSCC 81(e), *i.e.,* the Equal Access to Justice Act.[2]

The court observes that defendant forcefully objects to the granting of plaintiffs' motion for a 30-day extension of time.[3] Defendant maintains that this court lacks jurisdiction either to enlarge or modify the 30-day statutory period in which to file an application prescribed in 28 U.S.C. § 2412(d)(1)(B), which provides, *inter alia,* that:

"A party seeking an award of fees and other expenses *shall, within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness...." [emphasis added]

In their reply to defendant's objections to the motion for enlargement of time, plaintiffs were equally assertive in their basic contention that this "court has jurisdiction to enlarge or modify the thirty (30) day period ... for filing an application for fees and expenses pursuant to the Equal Access to Justice Act ..." inasmuch as the thirty-day filing requirement is *not* a statute of limitations which cannot be extended.

Plaintiffs' contention is based primarily on their reliance on *Costantino v. United States,* 536 F.Supp. 60 (E.D.Pa.1981), and RUSCC 6(b). A close analysis of both positions leads this court inescapably to the conclusion that plaintiffs' contentions miss the mark.

Looking first at the *Costantino* case, an EAJA case, the fee-petitioner there initially brought an action to recover overpaid taxes for the years 1977 and 1978. The parties settled all of the issues by stipulation, in that certain 1977 issues were resolved favorably to the fee-petitioner resulting in a refund of $1,283, and other 1977 and all 1978 issues were resolved favorably to the defendant. The district court entered final judgment accordingly on October 19, 1981, and on that *same day* the fee-petitioner filed an EAJA application pursuant to 28 U.S.C. § 2412. The court determined that the fee-petitioner was entitled to an award of attorney fees and costs to the extent that she was the prevailing party. However,

---

2. In 1980, Congress enacted the Equal Access to Justice Act [EAJA], amended by Section 204, Title II, Pub.L. No. 96–481, 94 Stat. 2325, 28 U.S.C. § 2412 *et seq.,* and thereby removed the federal government's sovereign immunity against fee awards and costs under certain prescribed conditions and circumstances. The underlying legislative purpose of Congress in enacting the EAJA was to address concerns that many small businesses and individuals were discouraged from challenging governmental administrative actions because of the high, if not prohibitive, costs of litigation. Thus, by allowing the recovery of attorney fees and expenses under certain limited conditions to litigants with marginal resources, Congress envisioned a litigating symmetry that would promote justice in the administration of the laws and regulations.

3. The court further notes that the date 30 days from entry of final judgment, *i.e.,* May 10, 1983, is June 9, 1983. By filing its motion on June 8, 1983, plaintiff filed on the twenty-ninth day following final judgment.

because the fee-petitioner's attorney did not provide a breakdown of the specific hours spent solely on the successful issue as well as on the unsuccessful issues, the court refused to guess as to the number of hours specifically allocable to each, denied the fee-petitioner's application without prejudice, and granted leave to amend within 20 days.

Unfortunately, in so holding, the court provided absolutely no legal analysis or reasoning as to the basis for its ruling. First, because the denial of the motion was without prejudice, it is unclear whether the court concluded that the fee-petitioner had substantially complied with the statutory requirements and simply provided the fee-petitioner 20 days within which to perform the ministerial calculation of recasting the submitted hours on an allocable basis. It is equally unclear, at least from the ruling, whether the *total* 20-day leave period granted by the court fell within the initial 30-day period from entry of final judgment. If so, then the fee-petitioner would, of course, have met the 30-day statutory requirement, assuming that the amended application was filed on or before the expiration of the 20-day period.

Whatever the rationale may be in *Costantino,* this court is of the firm view that it is inapposite here. The facts in the case at bar are significantly distinguishable in that no application has ever been filed in this case; all that has been submitted here is a motion for enlargement of time in which to file an application. Even *assuming arguendo* that *Costantino* is not factually distinguishable, this court respectfully declines to follow that decision.

Finally, plaintiffs urge the argument that RUSCC 6(b) allows this court to grant the motion. The rule provides that:

"When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) order the period enlarged if request therefor is made by motion showing good cause before the expiration of the period originally prescribed ...."

From the foregoing, plaintiffs argue that because RUSCC 81(e)(1) requires an act to be done within a specified time, this court, pursuant to RUSCC 6(b), has discretionary power to enlarge the time if an appropriate motion is timely filed, as alleged here.

It is sufficient to say that plaintiffs' argument is thoroughly misplaced. The "act ... required or allowed to be done at or within a specified time" here (*i.e.,* the filing of an EAJA "application"), is not *directly* "by these rules," but rather it is primarily by virtue of the government's waiver of sovereign immunity *pursuant to 28 U.S.C. § 2412.* This is patently clear from a reading of RUSCC 81(e) which explicitly states that:

"*Applications* for fees and expenses *pursuant to the Equal Access to Justice Act* (Pub.L. No. 96–481, Title II, Oct. 21, 1980, Title 28, U.S.C. § 2412) *shall be filed ...* within 30 days after the entry by the court of a final judgment ...." [emphasis added]

RUSCC 6(b), therefore, is not dispositive of plaintiffs' position.

From the foregoing, the issue here is simply whether the thirty-day requirement is jurisdictional, thus obviating discretion in this court to grant motions for enlargement of time.

■ The threshold point applicable here is that where there has been a waiver of sovereign immunity, it is clear beyond cavil that limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied. In this connection, the Supreme Court stated in *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957), that "Congress [is] entitled to assume that the limitation period it prescribed *meant just that period and no more.*" [emphasis added] *See also United States v. Michel,* 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931). Consistent with that directive, therefore, this court needs only to construe the intent of Congress by its use of the word "shall" in the phrase "*shall,* within thirty days of final

judgment in the action, submit to the court an application ...."[4]

In matters of statutory construction, the duty of this court is to give effect to the intent of Congress, and in doing so, our first reference, *i.e.*, our starting point, is, of course, the literal meaning of the words employed. *American Tobacco v. Patterson,* 456 U.S. 63, 68, 102 S.Ct. 1534, 1538, 71 L.Ed.2d 748 (1982); *Reiter v. Sonotone Corp.,* 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979); *Flora v. United States,* 357 U.S. 63, 65, 78 S.Ct. 1079, 1081, 2 L.Ed.2d 1165 (1958).

Here, the plain words of the statute literally and lucidly reflect the limitations and conditions upon which the government has consented to be sued. For example, *Webster's New Collegiate Dictionary* defines the word "shall" as follows: "must; used to express a command; used in laws, regulations, or directives to express what is mandatory." Thus, the word "shall" in the context used in § 2412(d)(1)(B), clearly connotes an imperative as to the time frame in which the application *must* be filed.

In short, a strict construction of the word "shall" leads to no permissible conclusion other than that it is *mandatory* that the application be submitted within the 30-day statutory period from final judgment in order to qualify as a party litigant "seeking an award ..." under the EAJA. With respect to the present matters, therefore, sovereign immunity has been conditionally waived only to the limited extent that the party submit to the court its application "within thirty days of final judgment in the action ...."

Pertinent to this matter, the Eighth Circuit recently decided *Monark Boat Co. v. National Labor Relations Board,* 708 F.2d 1322 (1983), an EAJA case relating to agency adjudication pursuant to 5 U.S.C. § 504, in which it held as follows:

> "Generally ... statutes waiving sovereign immunity, as the EAJA does, must be strictly construed. Courts have consistently held that where consent to be sued is conditioned upon the filing of a suit within a specific period of time, compliance with that condition is a *jurisdictional prerequisite.* Moreover, the statutory language and history of the EAJA support the NLRB's conclusion that the 30-day time limitation was a *mandatory, jurisdictional condition.* The statute uses the mandatory language '*shall,* within 30 days * * * submit' and makes no provision for exception or agency discretion...." [emphasis added]

A comparison of 28 U.S.C. § 2412(d)(1)(B) (relating to court actions) and 5 U.S.C. § 504(a)(2) (relating to agency adversary adjudications) under the EAJA, with specific reference to the language respecting the filing requirements, discloses that they are similar in all material particulars. In short, both sections provide that:

> "A party seeking an award of fees and other expenses shall, within thirty days of final ... submit ... an application ...."

Since that condition, *i.e.*, the thirty-day filing requirement, is tantamount to a statute of limitations,[5] we, therefore, hold that (i) this court is without the discretionary power to effect, modify, or extend it; (ii) the filing of a motion for enlargement of time within the 30-day period does not toll the running of the limitation period; and (iii) the failure to make a timely "application" for such fees and expenses within the statutorily prescribed time bars a party's limited right to claim such fees and expenses in that "the consent of the United

---

4. In this connection, the legislative history of the EAJA interpreting Section 2412(d)(1)(B) states that "a party seeking an award of fees *must* apply to the court within 30 days of final judgment." [emphasis added] H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4997.

5. Statutes of limitations have been defined to "express the legislatures' public policy judgments of how long a plaintiff may delay suit without being unfair to a defendant." *O'Brien v. Eli Lilly and Company,* 668 F.2d 704, 705 (3d Cir.1981). It "is 'a statute ... designed to compel suit within a reasonable time ....'" *Ehlers v. City of Decatur, Georgia,* 614 F.2d 54, 56 (5th Cir.1980).

States to be sued will not be extended beyond its literal terms and will [also] not be implied." *Cf. Nibali v. United States,* 225 Ct.Cl. 8, 14, 634 F.2d 494, 497 (1980).

Given the foregoing, the court is of the firm view that there appears to be no valid legal basis upon which plaintiffs' motion may be granted, and, consistent with the axiom *judicis est jus dicere, non dare,* IT IS THEREFORE DENIED.

IT IS SO ORDERED.