**Fred Warren GOULD**

v.

**The UNITED STATES.**

**No. 513–82C.**

United States Claims Court.

Oct. 31, 1983.

Fred Warren Gould, pro se.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

David M. Cohen, Director, and George M. Beasley, III, Senior Trial Counsel, Washington, D.C., for defendant.

OPINION ON PLAINTIFF'S APPLICATION FOR FEES AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

PHILIP R. MILLER, Judge:

This suit involved a claim for military retired pay. The complaint, filed October 5, 1982, alleged the following:

On November 30, 1966, plaintiff retired from the Army, in the grade of chief warrant officer (W–3). At retirement plaintiff was given retirement pay credit for 30 years of service, 20 of which was for active duty and 10 of which was for the National Guard and Reserve service. Ten years later, on October 8, 1976, plaintiff was advanced to the rank of major on the retired list. In November 1976, plaintiff was informed by the Army that his advancement to the rank of major would result in a cut of his retirement pay from $941.42 per month to $800.73 per month, because plaintiff would no longer receive retirement pay credit for his 10 years of National Guard and Reserve service. Plaintiff claimed that this was in violation of the Act of August 21, 1941, ch. 384 § 5, 55 Stat. 653, *as amended* by Public Law 80–810, ch. 708, § 203(c), 62 Stat. 1085 (10 U.S.C. §§ 3964 and 3992 (1976)), and demanded retired pay based on 30 years of service, in an amount to be determined.

In its answer, filed February 28, 1983, the government substantially admitted the allegations of the complaint but asserted that the Army's position was correct under the law in effect on the date the complaint was filed. It averred, however, that on October 12, 1982, 7 days after the filing of the complaint, by Pub.L. 97–295, 96 Stat. 1287, Congress amended 10 U.S.C. §§ 1405 and 3992 so as to entitle plaintiff to the relief he sought, which defendant computed as $25,-344.59 in additional retired pay. It invited plaintiff to apply for such amount or any other sum believed due pursuant to Pub.L. 97–295.

On March 1, 1983, plaintiff filed an amended complaint asserting his entitlement to an undetermined amount both under the old law and the new. In lieu of filing an answer to the amended complaint, on April 12, 1983, defendant filed a motion to suspend proceedings for 90 days so that the parties might settle plaintiff's claim administratively under the new law.

On May 3, 1983, plaintiff applied to the Army Finance Center for retroactive

retired pay in the grade of major, and the Center promptly allowed plaintiff's claim thereafter. On July 15, 1983, the parties voluntarily stipulated to the dismissal of the complaint, without prejudice to plaintiff's filing of an application for attorney's fees.

Plaintiff's application is for reimbursement of $2,500 in attorney's fees, $60 in filing fees and $11.01 in long distance telephone calls, for the period July 14, 1981 through September 30, 1982, during which period study, drafting of the complaint and mailing of the complaint to the court took place. Plaintiff admits he knew that the amendatory relief legislation was pending at the time in Congress, but asserts that he had to file the complaint because the 6-year statutory time limit thereon would have expired October 7, 1982.

Title 28 U.S.C. § 2412(d)(1)(A), which governs the award of attorney fees and other costs against the United States, provides:

> Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses * * * incurred by that party in any civil action * * * brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.* [Emphasis added.]

Defendant resists the application on both the grounds that the plaintiff did not prevail in the action and that the position of the United States was substantially justified.

The statute does not define what is a prevailing party in the action, but a legislative committee report (H.Cong.Rep. 96–1434, at 21–22, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953 at 5010–11) does add some meaning to the phrase:

> The phrase "prevailing party" is not to be limited to a victor only after entry of a final judgment following a full trial on the merits; its interpretation is to be consistent with the law that has developed under existing statutes.

A party may be deemed prevailing if the party obtains a favorable settlement of his case, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.,* 121 F.2d 575 (9th Cir.1941); or even if the party does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

Court decisions construing the Equal Access to Justice Act are consistent with that evidence of legislative intent. It was stated in *Citizens Coalition, Etc. v. City of Euclid,* 537 F.Supp. 422, 424–25 (N.D.Ohio 1982):

> For a plaintiff to be a prevailing party, he need only achieve some of the benefit he sought in bringing suit. * * * A party may be a prevailing party without having obtained a favorable final judgment following a full trial on the merits. * * * A consent decree or settlement may form the basis for an award. Indeed for a plaintiff to prevail, it is sufficient that his lawsuit acted as a "catalyst" in prompting defendants to take action to meet his claims. * * *

and in *Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225, 228 (1981):

> Plaintiffs are prevailing parties within the meaning of the statute, which applies to parties who prevail by consent or settlement. H.Conf.Rep. 96–1434 at 21, *reprinted in* [1980] U.S.Code Cong. & Ad. News at 5010.

Thus the fact that this case was terminated by stipulation for dismissal does not in itself foreclose plaintiff's application for fees and expenses.

What does bar plaintiff's claim in this action is that plaintiff did not prevail *in the action.* Plaintiff has not shown that the action contributed in any way to plaintiff's recovery. The action was filed just 7 days before the corrective legislation which gave plaintiff his relief was signed into law

and after it had been passed by both Houses of Congress. The government's answer, denying liability under the old law, conceded plaintiff was entitled to payment under the new law. Thus, since the plaintiff's law suit was not a "catalyst" in prompting defendant to meet his claim, but merely contemporaneous with it, plaintiff's recovery administratively was not as a prevailing party in the action. *Citizens Coalition, Etc.,* 537 F.Supp. at 425; *Lord v. United States,* 2 Cl.Ct. 749, 757 (1983).

■ Furthermore, plaintiff may not recover because the government's position in the action was substantially justified. In determining whether or not the position of the United States was substantially justified, "the position referred to is that taken by the United States in the 'civil action' in which the attorney's fees were 'incurred'" and not "the position the United States took in the administrative proceedings that led to the civil action in which the attorney's fees were incurred." *Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387, 1390 (Fed.Cir.1982). *Accord: Gava v. United States,* 699 F.2d 1367, 1370 (Fed.Cir.1983). The government's prompt concession of liability and the amount thereof, in its initial action in this court, its answer, requires the conclusion that its position in the action was reasonable and hence substantially justified. *Change-All Souls Housing Corp. v. United States,* 1 Cl.Ct. 302, 304 (1982).

For the foregoing reasons, plaintiff's application for fees and other expenses under the Equal Access to Justice Act is denied.