Carol RICKS, et al., Plaintiffs,

v.

Forest GLEN, et al., Defendants.

Civ. A. No. 78–10244.

United States District Court,
E.D. Michigan, S.D.

Aug. 5, 1985.

Patricia Pap, Alan S. Ells, Legal Services of E. Mich., Saginaw, Mich., Chris Campbell, Timothy Vogel, Legal Aid of Cent. Mich., Lansing, Mich., for plaintiffs.

Michael Hluchaniuk, Asst. U.S. Atty., Bay City, Mich., John Jensen, Office of Regional Counsel, U.S. Dept. of HUD, Chicago, Ill., for U.S. and HUD.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This matter is before the Court on plaintiffs' motion for an award of attorney fees from defendant United States Department of Housing and Urban Development (HUD). Plaintiffs bring this motion pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 *et seq.*, the Civil Rights Attorneys Fees Award Act of 1976 (CRAFAA) 42 U.S.C. § 1988, and applicable common law.[1] The Court will proceed to address plaintiffs' motion below.

The class action complaint in this matter seeking declaratory and injunctive relief was originally filed in November of 1978 by Carol Ricks, a tenant in a Section 236 federally subsidized housing project in Midland, Michigan. The suit was filed against the apartment complex-housing project, Forest Glen; against Altman Management Company; and against Patricia Harris, in her official capacity as Secretary of HUD. The defendants were jointly responsible for owning and managing federally subsidized "Section 236" housing projects. Subse-

quently, amended complaints were filed joining other named plaintiff class representatives and other defendants—owners and operators of Section 236 projects. Plaintiffs sought to compel owners and managers of the subsidized projects and HUD to comply with procedures and regulations governing terminations, as well as evictions from housing, and to provide notice of regulations to current and future tenants. In addition, plaintiffs sought to compel HUD to enforce its regulations and supervise Section 236 projects throughout Michigan as to tenancy termination practices. Count I of plaintiffs' complaint was asserted against defendants Forest Glen and Altman Management Company alleging that they violated federal regulations. Count II alleged that defendants Forest Glen and Altman Management Company violated plaintiffs' Fourteenth Amendment right to due process of law. Count II also alleged that defendant Harris of HUD violated plaintiffs' Fifth Amendment right to due process of law. Count III alleged that defendants Forest Glen and Altman Management Company violated plaintiffs' First Amendment rights. Count IV of the complaint alleged that the acts and omissions of defendants in depriving plaintiffs' of their rights under the First and Fourteenth Amendments deprived plaintiffs of civil rights under 42 U.S.C. § 1983.

Following extensive discovery, negotiation, and rulings on various motions filed with this Court, the parties entered into a consent decree. Judgment was entered on September 7, 1982. The "Stipulation of Judgment of Dismissal" dismissed the action without costs but included a statement that "plaintiffs are not precluded from applying for an award of attorney fees nor is HUD precluded from opposing such an application." Plaintiffs filed this motion for attorney fees in October of 1982 and HUD's response was filed in December of

---

1. Neither plaintiffs' motion and reply nor the supporting memorandum provide any identification or explanation of any applicable common law grounds for the award of attorney fees in the context of this suit. Therefore, the Court will address only the alleged statutory basis for the award of fees to plaintiffs.

1982. A reply was filed by plaintiffs in February of 1983.

As noted previously, plaintiffs' claim for attorney fees is based upon the EAJA and the CRAFAA. First, plaintiffs' seek fees pursuant to EAJA, 28 U.S.C. § 2412(d), as prevailing parties against HUD whose position plaintiffs maintain was not substantially justified. Second, plaintiffs seek an award of fees pursuant to the CRAFAA, 42 U.S.C. § 1988, as prevailing parties. Alternatively, plaintiffs argue that they are entitled to attorney fees under the EAJA, 28 U.S.C. 2412(b), pursuant to the CRAFAA. HUD argues that plaintiffs' application for attorney fees should be denied for the following reasons:

(1) Plaintiffs are not entitled to an award of fees under Section 2412(b) of EAJA, because the complaint fails to state a claim against the federal defendant under any statute (including 42 U.S.C. § 1988) which would subject HUD to a fee award;

(2) Plaintiffs are not entitled to an award of fees under either Section 2412(b) or Section 2412(d) of EAJA because plaintiffs are not the prevailing party in their suit against HUD;

(3) Plaintiffs are not entitled to an award of fees under Section 2412(d) of EAJA because HUD's position in the litigation was substantially justified;

(4) Plaintiffs are not entitled to an award of fees under Section 2412(d) of EAJA because plaintiffs have not incurred attorney fees pursuant to that provision;

(5) The fees claimed by plaintiffs are unreasonable, duplicative, and excessive, and should be disallowed;

(6) Plaintiffs are not entitled to an award of any fees incurred prior to October 1, 1981 under either Section 2412(b) or Section 2412(d) of EAJA.

A number of courts have addressed the issues raised by plaintiffs' motion since it was filed. The Court finds several of these decisions persuasive and applicable [2] as set forth in the following consideration of plaintiffs' claim for fees.

FEES UNDER 28 U.S.C. § 2412(d)

██ The EAJA, 28 U.S.C. § 2412(d)(1)(A) (1982) provides in pertinent part that:

"a court shall award to a prevailing party other than the United States fees and expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the Court finds that the position of the United States was substantially justified."

*See Kreimes v. Department of Treasury,* 764 F.2d 1186, 1188 (6th Cir., 1985). A plaintiff is a "prevailing party" under the EAJA "if he 'succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit.'" *Id.* quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) and *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978). Furthermore, to qualify as a "prevailing party" under the EAJA, a party need not be a victor in a lawsuit that leads to a judgment on the merits. *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid,* 717 F.2d 964, 966 (6th Cir.1983). "Parties may be considered to have prevailed when they have vindicated important rights through a consent judgment or without formally obtaining relief." *Id.* quoting *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 633 (6th Cir.1979) *cert. denied* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). *See also Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). It is enough to prevail if "the lawsuit acted as a 'catalyst' in prompting defendant[s] to take the desired action." *Citizens Coalition for Block Grant, supra*

---

**2.** The Court does not believe a retroactive application of any new decision relied upon will constitute a "clear break" with the past nor be otherwise unfair. *See Lawson v. Truck Drivers, Chauffers & Helpers, Local Union 100,* 698 F.2d 250, 254 (6th Cir.) *cert. denied,* —— U.S.——, 104

S.Ct. 69, 78 L.Ed.2d 83 (1983); *Chevron Oil v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). This should be evident in the Court's decision and reasoning as set forth above.

at 966. Thus, it is well established that a party may be "prevailing" when there is a settlement agreement. However, a two part inquiry is required to determine whether a party to settled litigation prevailed. *Id.* First, the Court must determine "whether ... the plaintiff's lawsuit was a necessary and important factor in achieving the relief desired." *Id.* (Citations omitted). Second, if the first query is answered affirmatively, "the court must then determine whether the relief obtained resulted from a gratuitous act on the defendant's part or whether defendant's actions were mandated by law." *Id.*

■ Applying these factors to the instant case, it is important to note that it is only defendant HUD being considered. Thus, this motion for fees and the factors noted above must be considered only as they apply to HUD. For this reason, the Court believes plaintiffs' claim for fees fails on the first prong of the prevailing party test. Although the plaintiffs' lawsuit appears to have been an important factor in achieving certain relief, the Court finds much of the relief sought was achieved by obtaining compliance of the other named defendants. Plaintiffs' primary claim against HUD was based upon an allegation that plaintiffs' Fifth Amendment right to due process had been violated. The federal regulations themselves were not being attacked but rather their implementation. The stipulated judgment entered into by plaintiffs and HUD focused on review and monitoring of the housing project program and sites. These reviews and monitoring were all already provided for under HUD guidelines. The Court is cognizant of plaintiffs' contention that its position was to assume that administrative regulations and guidelines were enforced. The Court does not believe, however, that a sufficient causal connection existed between HUD's

actions and plaintiffs' complaint.[3] Thus, plaintiffs' claim for fees fails on the first prong of the test. Furthermore, the Court believes HUD's entry into the settlement agreement constituted a gratuitous act. Therefore, plaintiffs would fail on the second prong of the test as well.

The Court will also note that the government's position was substantially justified. "The government's position is substantially justified if it has a reasonable basis in law and fact." *Kreimes, supra,* at 1190. (Citations omitted). *See also Trident Marine Construction, Inc. v. District Engineer,* 766 F.2d 974 (6th Cir.1985). In the instant case, HUD's position was premised on the regulations already promulgated and the fact that plaintiffs' complaint was substantially directed at other defendants. As noted previously, the regulations themselves were not being attacked and HUD's position was that steps were already being taken for improved supervision and enforcement of those regulations by HUD. The Court finds that based upon the facts of this case such a position was reasonable and, therefore, substantially justified.

FEES UNDER CRAFAA, 42 U.S.C. § 1988

Plaintiffs contend that they are entitled to fees pursuant to the CRAFAA, 42 U.S.C. § 1988 [4] because they are prevailing parties in an action filed to enforce constitutional rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Defendants dispute the application of this statute to HUD—as a federal defendant.

■ Clearly, plaintiffs' claim against HUD was based upon the Fifth Amendment and federal regulations applicable to the projects in issue. Plaintiffs did not allege that defendants actions were under color of state law. Plaintiffs' claims based upon the First and Fourteenth Amend-

---

**3.** The circumstances here appear to be very similar to those present in *Citizens Coalition for Block Grant Complaince v. City of Euclid,* 537 F.Supp. 422 (N.D.Oh.1982) *aff'd* 717 F.2d 964 (6th Cir.1983).

**4.** 42 U.S.C. § 1988 provides:

In any action or proceeding to enforce a provision of Section 1981, 1982, 1983, 1985, and 1986 of this title, Title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964–, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

ments pursuant to 42 U.S.C. 1983 were not directed at HUD but at the other nonfederal defendants. Sections 1988 and 1983 permit a prevailing plaintiff to collect attorney fees where a plaintiff's constitutional rights have been violated under color of state law. *Venus v. Goodman,* 556 F.Supp. 514, 520 (W.D.WI.1983); 42 U.S.C. § 1983.

■ In the instant case, as in *Venus,* 42 U.S.C. § 1988 simply does not apply where a plaintiff(s) sue a federal agency or federal officials for a violation of constitutional rights. *Venus, supra,* at 520. *See also Premachandra v. Mitts,* 753 F.2d 635 (8th Cir.1985) (en banc). Therefore, the Court must conclude that plaintiffs are not entitled to attorney fees from HUD on the basis of 42 U.S.C. § 1988.

FEES UNDER 28 U.S.C. § 2412(b)

■ The EAJA, 28 U.S.C. § 2412(b) provides that:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Plaintiffs contend that the intent of this statute and the intent of the legislative history underlying the statute was that the United States would be treated as any other party in litigation and would be held liable for attorneys fees to the extent that such statutes specifically provide for such an award. Thus, plaintiffs contend that since the CRAFAA specifically provides for the award of attorney fees against defendants on behalf of prevailing plaintiffs and since the United States is in an identical position to other defendants under both the CRAFAA and the EAJA, plaintiffs are entitled to an award of attorney fees on the basis of the provisions of 42 U.S.C. § 2412(b). As noted previously, defendant disputes this contention.

A number of courts have addressed the application of Section 2412(b) to cases involving federal officials that are analogous to actions brought under 42 U.S.C. § 1983. The prevailing view does not support an award of fees under § 2412 in such an action. *See, e.g., Premachandra v. Mitts, supra; Lauritzen v. Lehman,* 736 F.2d 550 (9th Cir.1984). Having considered the arguments of the parties in the instant case, as well as the various decisions which have addressed the application of Section 2412(b) to this type of action, the Court finds the reasoning and the conclusion of the Eighth Circuit's en banc panel in *Premachandra* persuasive and applicable in the instant case. *See Premachandra supra* at 637–41. *See also Venus v. Goodman, supra* at 520–22; *United States v. Miscellaneous Pornographic Magazines,* 541 F.Supp. 122, 129 (N.D.Ill.1982). A literal reading of § 2412(b) does not make § 1988 applicable. *See Venus, supra,* at 521. Accordingly, the Court does not believe plaintiffs are entitled to an award for attorney fees based upon 28 U.S.C. § 2412(b).

CONCLUSION

For the reasons set forth above, plaintiffs' motion for an award of attorney fees from defendant HUD is hereby DENIED.

IT IS SO ORDERED.