793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Robert H. Cohen and Michael Maggio, Attorneys,
 85-3400
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: Milburn and Ryan, Circuit Judges; and Brown, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Elias Ayoub (plaintiff) appeals from an order of the district court denying plaintiff's application for attorney's fees and costs brought pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (1982). Although finding plaintiff the 'prevailing party' in the litigation, the district court denied the request for fees based on its conclusion that the 'position' of theDefendant-Appellee Vernon Hazlett (government) in the litigation was 'substantially justified.' Because we find that plaintiff was not the prevailing party in the litigation, we affirm the judgment of the district court and, accordingly, do not reach the issue of whether the government's position was substantially justified.
 
 I.
 FACTS
 
 2
 Plaintiff, an Israeli citizen of Palestinian backround, was admitted to the United States in June of 1976 as a nonimmigrant student alien with a F-1 visa. Form I-20 indicated that plaintiff had been accepted for full course study of philosophy at Lansing Community College (LCC) and was expected to complete his studies not later than December of 1978. During his studies at LCC, plaintiff decided to switch his field of study and applied for admission to other universities as a transfer student. Plaintiff was accepted at Ohio State University in August of 1977. Before beginning his enrollment, plaintiff sent the requisite documents to the Immigration and Naturalization Service (INS) for a transfer authorization and a visa extension. During the fall of 1977, plaintiff made numerous inquiries to the INS regarding the status of his transfer application to which he received no reply.
 
 
 3
 In October of 1978, the INS requested the Federal Bureau of Investigation to investigate plaintiff for 'subversive activity.' Shortly thereafter, plaintiff attended a conference held by the INS to review his student status. Plaintiff was informed that the INS could not locate his application and was requested to submit evidence demonstrating that he had properly maintained his student status.
 
 
 4
 Plaintiff's visa expired on June 1, 1978, and plaintiff was notified that he was a deportable alien and that a voluntary departure date had been established. In administrative proceedings, the INS District Director denied plaintiff's request for reconsideration of his student status. After appeal to the Board of Immigration Appeals (Board), his case was remanded for reconsideration. On remand, the District Director reaffirmed his earlier decision which was subsequently upheld by the Board upon appeal.
 
 
 5
 On March 31, 1979, plaintiff commenced an action in district court seeking a preliminary injunction preventing further deportation proceedings until the entry of a declaratory judgment. After a trial on the merits, the district court held that the District Director did not abuse his discretion and refused to halt the deportation proceeding.
 
 
 6
 On appeal,[1] this court vacated the Board's decision and remanded the case to the Board for 'reconsideration of the [plaintiff's] request for reinstatement of student visa in light of the 1982 revisions under 8 C.F.R. Sec. 214.2(f)(4) and (8) (1982).' See Ayoub v. INS, Nos. 81-3276 & 81-3295, slip op. at 4 (6th Cir. Dec. 14, 1982). However, prior to the issuance of this court's order, plaintiff's mother filed a petition to reclassify plaintiff as an immediate relative pursuant to 8 U.S.C. Sec. 1152(e)(2). This application was approved by the INS, and plaintiff was subsequently granted permanent immigrant status.
 
 
 7
 On September 26, 1984, plaintiff filed an application for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (1982), seeking reimbursement for monies expended in the district court proceeding. The district court denied the request, and plaintiff has appealed the district court's ruling to this court.
 
 II.
 DISCUSSION
 
 8
 The sole issue presented on appeal is whether the district court abused its discretion in denying plaintiff's request for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412 (1982). In order to receive a fee award under the statute, plaintiff must demonstrate that he was the prevailing party in the civil action. 28 U.S.C. Sec. 2412(d)(1)(A). Once this burden is satisfied, plaintiff is entitled to an award of fees, unless the government can prove that its position was substantially justified. National Resources Council, Inc. v. United States Environmental Protection Agency, 703 F.2d 700, 712 (3d Cir. 1983).
 
 
 9
 On the issue of whether plaintiff was the prevailing party in the civil action, the district court remarked:
 
 
 10
 Plaintiff succeeded in having this case remanded to the administrative level for reconsideration of the ultimate issue of the case--whether plaintiff should have his status as a student reinstated. While that exact issue does not appear to have been decided upon remand, given the circumstances of this case, the decision by the court of appeals to remand this case is sufficient in itself to indicate that plaintiff was a prevailing party.
 
 
 11
 Joint Appendix at 52. However, because the district court found the position of the government at trial substantially justified,[2] plaintiff's application for fees was denied.
 
 
 12
 In Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid, 717 F.2d 964, 966 (6th Cir. 1983), we indicated that in order for a litigant to qualify as a prevailing party under the EAJA, that party 'need not be a victor in a lawsuit that leads to a judgment on the merits.' It is sufficient if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit.' Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemore, 581 F.2d 275, 278-79 (1st Cir. 1978)). However, at a minimum, the lawsuit must have 'acted as a 'catalyst' in prompting defendants to take the desired action.' Citizens Coalition, 717 F.2d at 966.
 
 
 13
 Plaintiff maintains that he was the prevailing party in the litigation, because he received the relief he sought in the district court in the remand of his case for administrative reconsideration and because the sole issue in the case--the proper legal standard used by the District Director to evaluate plaintiff's application for reinstatement--was decided in his favor by this court in Ayoub v. INS, Nos. 81-3276 & 81-3295, slip op. As to the government's claim that the relief plaintiff ultimately obtained was the result of intervening, unrelated events, plaintiff suggests that he would have received administratively the same relief he originally sought had the application for permanent residency not been filed.
 
 
 14
 We disagree. The relief sought in the district court by plaintiff was restoration of his status as a nonimmigrant student alien and injunctive relief restraining the government from conducting any further deportation proceedings against him. The district court refused to grant plaintiff this relief, specifically rejecting the claim that the actions of the District Director were arbitrary or capricious. On appeal, we did not decide whether the district court abused its discretion. Rather, we elected to remand the case for reconsideration by the INS in the light of recent changes in the regulations that govern reinstatement of student status. Ayoub v. INS, Nos. 81-3276 & 81-3295, slip op. at 4. Certainly, the remanding of plaintiff's case for administrative reconsideration cannot support the conclusion that plaintiff was the prevailing party. Kitchen Fresh, Inc. v. NLRB, 729 F.2d 1513 (6th Cir. 1984). See also Austin v. Department of Commerce, 742 F.2d 1417, 1420 (D.C. Cir. 1984); Brown v. Secretary of Health and Human Services, 747 F.2d 878, 883 (3d Cir. 1984); McGill v. Secretary of Health and Human Services, 712 F.2d 28, 32 (2d Cir. 1983), cert. denied, 465 U.S. 1068 (1984). It is undisputed that the relief plaintiff ultimately received--the grant of permanent residency--was the sole result of the petition plaintiff's mother filed with the INS. Plaintiff's argument that he would have received the relief originally requested but for the intervening application is speculative and, even if this were true, it would not make him the prevailing party in this litigation.
 
 
 15
 As we determine that plaintiff was not the prevailing party in the litigation, we affirm the judgment of the district court.
 
 
 
 [1]
 Plaintiff appealed both the judgment of the district court and the adverse decision of the Board. These appeals were consolidated for disposition by this court
 
 
 [2]
 At the time plaintiff filed his application for attorney's fees and costs in the district court, the EAJA read in pertinent part:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.
 28 U.S.C. Sec. 2412(d)(1)(A). Without the benefit of our holding in Trident Marine Construction, Inc. v. District Engineers, 766 F.2d 974 (6th Cir. 1985), the district court correctly interpreted the words 'position of the United States' to mean litigation position or position at trial and, consequently, disreguarded evidence of the actions of the INS which prompted plaintiff to seek relief in the district court.
 Shortly after the district court issued its order denying plaintiff's request for a fee award, Congress amended 28 U.S.C. Sec. 2412 (1982) to explicitly provide that the words 'position of the United States' meant 'position taken by the United States in the civil action,' as well as, 'the action or failure to act by the agency upon which the civil action is based.' 28 U.S.C. Sec. 2412 (1982), amended by 28 U.S.C. Sec. 2412(d)(2)(D) (effective August 5, 1985).
 On appeal, the parties disagree over whether plaintiff's petition for attorney's fees should be judged under the more expansive reading provided in the statutory amendment. Alternatively, plaintiff suggests that should we find the more expansive definition inapplicable to the facts of this case, this court reconsider its holding in Trident Marine Construction in light of comments made in the legislative record of the amendment and reverse the judgment of the district court.