925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL FARMERS' ORGANIZATION, INC., et al., Plaintiff-Appellee,
v.
Clayton YEUTTER, Sec. of Agriculture, United States
Department of Agriculture, Defendants-Appellants,
Michigan Milk Producers Association, Pet, Inc., Liberty
Dairy Company, Independent Cooperative Milk
Producers Association, National Farmers'
Association, Defendants.
 No. 90-1353.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Secretary of Agriculture and the Department of Agriculture, co-defendants in a class action proceeding brought by the National Farmers' Organization, appeal the award of attorney's fees to the plaintiff pursuant to the Equal Access to Justice Act. 28 U.S.C.A. Sec. 2412(d)(1)(A). For the following reasons, We affirm.
 
 
 2
 National Farmers' is a milk marketing cooperative which seeks to aid its members in the distribution of their product. The organization represents, and markets milk for, its member dairy farmers under the terms of federal milk marketing order 40, 7 C.F.R. Sec. 1040, promulgated under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. Secs. 601 et seq., regulating milk in the Southern Michigan marketing area. On January 14, 1985, National Farmers' filed suit in the Eastern District of Michigan against the Department of Agriculture, the Secretary of Agriculture, and the Michigan Milk Producers Association challenging the validity of an emergency amendment to marketing order 40 providing for payment of transportation credits to qualifying milk handlers. 48 Fed.Reg. 20,418 (1983) (amending 7 C.F.R. Sec. 1040, Southern Michigan market order). National Farmers' claimed that the Secretary of Agriculture lacked authority to issue such an emergency order, relying on the Third Circuit's opinion in Smyser v. Block, 760 F.2d 514 (3d Cir.1985) (holding that transportation credits were not authorized by the Agricultural Marketing Agreement Act, invalidating the credits authorized for the Middle Atlantic, Georgia, Louisville-Lexington-Evansville, and Tennessee Valley milk marketing areas by 48 Fed.Reg. 14,604.2). But see 7 U.S.C.A. 608c(5)(J)(Supp.1986) (amending the Agricultural Marketing Agreement Act of 1937 in response to Smyser to allow for transportation credits). Plaintiff sought to compel the Secretary to re-collect the credits paid to handlers, and to redistribute the funds to the appropriate dairy farmers.
 
 
 3
 The United States filed a motion to dismiss alleging National Farmers' action was precluded by questions of standing, subject matter jurisdiction, failure to exhaust administrative remedies, and failure to join indispensable parties. The district court rejected the government's substantive claims, but did require Plaintiff to join milk handlers Pet Inc., Liberty Dairy Co., and the Independent Milk Producers Association as additional defendants. Thereafter, a second amended complaint was filed, to which the government again objected claiming that the regulations at issue were authorized by law, and challenging the certification of the plaintiff's class.
 
 
 4
 Prior to a determination on the merits, Plaintiff and the milk handlers entered into a settlement agreement whereby those defendants agreed to pay National Farmers' $64,761.18. Although it did not sign the settlement agreement, the government was required by its terms to accept the plaintiff as a class and to:
 
 
 5
 cooperate in the administration of [the] settlement as follows: (1) Assist plaintiffs in providing notice to class members of the proposed settlement and hearing thereon by mailing notices thereof to all interested parties in Order 40, including, but not limited to, all non-member producers, in conjunction with other regular mailing to such interested parties made by the Market Administrator.... And (2) Make available to class counsel, at counsel's request, information to verify the claims or proofs of claims of any class members.
 
 
 6
 Although it did voice some objections, the government supported, "the basic concept of the settlement agreement." National Farmers' Organization thereafter filed a motion for attorney's fees at a rate of $90 per hour. The district court granted that motion. The United States appeals this order.
 
 
 7
 The Equal Access to Justice Act[1] allows a prevailing party, other than the United States, to recover attorneys fees in a suit by or against the United States unless the position of the United States is substantially justified. In this appeal, the United States challenges the district court's authority to award attorney fees to the plaintiff on the grounds that it claims that National Farmers' is not a "prevailing party" as against the United States. The crux of the United States' claim is that plaintiff's settlement with the private defendants provided no relief to the plaintiffs from the United States; therefore National Farmers' is not a prevailing party within the meaning of Equal Access to Justice Act. We disagree.
 
 I. STANDARD OF REVIEW
 
 8
 In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court determined that abuse of discretion is the proper standard of review to apply in Equal Access to Justice Act appeals on the issue of substantial justification. Though the Court did not reach the issue of whether this standard applied in the prevailing party context, we agree with the First Circuit's holding in McDonald v. Secretary of Health and Human Services, 884 F.2d 1468 (1989), that the rationale underlying Underwood supports a similar degree of discretion in the prevailing party analysis. See Underwood, 487 U.S. at 560 (discussing district court's unique institutional competency to address issues that may not be fully preserved for the record). Therefore, we will review the district court's finding of prevailing party status only for abuse of discretion.
 
 II. PREVAILING PARTY
 
 9
 A "prevailing party" is one who "has succeeded on 'any significant issue in litigation which [a]chieved some of the benefit the parties sought in bringing suit.' " Texas Teachers v. Garland School District, 489 U.S. 782, 103 L.Ed.2d 866, 877 (1989) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-279 (1st Cir.1978)). It is well established that a litigant need not obtain a formal judgment on the merits to qualify as a "prevailing party" under the Equal Access to Justice Act; rather, "it is enough that the litigant's claim acted as a 'catalyst' in prompting the defendants to take the desired action." Citizens Coal. For Block Grant v. City of Euclid, 717 F.2d 964, 966 (6th Cir.1983); Maher v. Gagne, 448 U.S. 122, 129 (1980) (claim to fees not weakened following favorable settlement rather than litigation); Gugliette v. Secretary of Health and Human Services, 900 F.2d 397, 401 (1st Cir.1990) ("To be regarded as a catalyst, a suit need not be the sole cause of the fee-target's actions, but it must be a competent producing cause of those action in at least some measurable, significant degree"). In determining whether a party to a settled dispute is entitled to prevailing party status this Court will apply a two-part test; first, the plaintiff's lawsuit must be a necessary and important factor in obtaining the desired relief; second, the relief obtained from the defendant must not be gratuitous. Euclid, 717 F.2d at 966.
 
 
 10
 The district court found that National Farmers' settlement with the private defendants had satisfied prong one of the prevailing party standard by providing National Farmers' with the essential benefit of filing suit, the return of the transportation credits paid to the milk handlers under milk order 40. It rejected the United States claim that Omaha Tribe of Nebraska v. Swanson, 736 F.2d 1218 (8th Cir.1984) (EAJA fees denied to Omaha tribe following settlement with private defendants), precluded recovery because no relief had been gained from the United States. The court distinguished Swanson on the basis that the United States sat in no adversarial relationship to the plaintiff in that case. Accord Euclid, 717 F.2d at 967. In this case, the court found the United States was not predisposed to the position of the Plaintiffs as it was in Swanson and Euclid, but rather the United States vigorously opposed National Farmers' position. The district court found that this adversarial relationship, when combined with the obligations imposed upon the United States by the settlement agreement, established a sufficient causal connection between the government's actions and the plaintiff's lawsuit to qualify National Farmers' as a prevailing party. Though this finding could be subject to contrary interpretation, we cannot say the district court abused its discretion.
 
 
 11
 The district court did not explicitly address the second prong of the "prevailing party" test. However, given the relief awarded to National Farmers' and the obligations assumed by the United States, we cannot say that the United States' acquiescence is a gratuitous settlement of an otherwise frivolous claim. Euclid, 717 F.2d at 966.
 
 III. REASONABLENESS OF FEES REQUESTED
 
 12
 Plaintiff seeks $30,826.27 in Equal Access to Justice Act funds for attorney fees. The government opposes the fee request because the computed hourly rate of $90 exceeds the statutorily authorized rate of $75 28 U.S.C. Sec. 2412(d)(2)(A). The district court found the plaintiff's request reasonable under the special factor exemption. We find no abuse of discretion in this determination. See Underwood, 487 U.S. at 571 (discussing application of abuse of discretion standard to reasonableness of fee award).
 
 
 13
 The Equal Access to Justice Act provides, in pertinent part, that:
 
 
 14
 [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.
 
 
 15
 28 U.S.C. Sec. 2412(d)(2)(A). Though it is often noted that this $75 statutory rate is a "ceiling and not a floor," both Congress and the courts have found exceptions where "special factors" exist. The district court found the qualifications of the plaintiff's lead counsel to be of such distinctive quality and necessary specialization as to require special factor consideration. Given the peculiar talents required to "traverse the labyrinth of the federal milk marketing regulation provisions," we cannot say that the district court abused its discretion in finding that counsel's milk marketing specialization constituted a "degree of knowledge or specialized skill needful for the litigation in question." Zuber v. Allen, 396 U.S. 168, 172 (1969) (footnote omitted); Smyser, 760 F.2d at 515 (discussing complexity of milk marketing regulations); Pierce v. Underwood, 487 U.S. at 582 (concluding specialized skills such as patent law or foreign languages would suffice to establish special factor exemption). As the Second Circuit observed in Queensboro Farms Products v. Wickard, 137 F.2d 969 (2d Cir.1943):
 
 
 16
 The milk problem is exquisitely complicated. The city dweller or poet who regards the cow as a symbol of bucolic serenity is indeed naive.... The milk problem is so vast that fully to comprehend it would require an almost universal knowledge ranging from geology, biology, chemistry and medicine to the niceties of the legislative, judicial and administrative processes of government.
 
 
 17
 Accordingly, we find no abuse of discretion in the district court's award of fees.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 28 U.S.C. Sec. 2421(d)(1)(A) provides:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.