**KITCHEN FRESH, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 81–1635.

United States Court of Appeals, Sixth Circuit.

March 20, 1984.

Before LIVELY and ENGEL, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

### ORDER

Petitioner, Kitchen Fresh, Inc., has applied to this court for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. Under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A), a prevailing party is entitled to attorneys' fees and expenses "incurred by that party in any civil action (other than cases sounding in tort) brought ... against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

On appeal, the petitioner has been successful in establishing its right to a hearing on a number of election objections. *Kitchen Fresh Inc., v. NLRB*, 716 F.2d 351 (6th Cir.1983). The petitioner, however, has yet to prevail on the merits of any of its claims. Although the procedural victory won by the petitioner may affect the disposition of petitioner's claims, the procedural victory itself is insufficient to establish that the petitioner has prevailed for the purposes of an award of attorneys' fees pursuant to the Equal Access to Justice Act. *See Hanrahan v. Hampton*, 446 U.S. 754, 758–59, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1980) ("[P]rocedural or evidentiary rulings ... may affect the disposition on the merits, but [are] themselves not matters on which a party can 'prevail' for the purposes of shifting his counsel fees to the opposing party under Sec. 1988"). We find that petitioner is not a prevailing party.

Accordingly, petitioner's request for attorneys' fees is DENIED.