### HICKORY NEIGHBORHOOD DEFENSE LEAGUE, Plaintiff,

v.

### Samuel K. SKINNER, Secretary of Transportation; Ray A. Barnhardt; James E. Harrington; and George E. Wells, Defendants.

#### No. C–C–88–195–P.

United States District Court, W.D. North Carolina, Charlotte Division.

May 16, 1990.

Michael S. Scofield and Mary V. Carrigan, Charlotte, N.C., for plaintiff.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., and James E. Scapellato, Regional Counsel, Federal Highway Admin., Atlanta, Ga., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Plaintiff's Petition for Fees and Litigation Costs, filed February 26, 1990. On March 12, 1990, the Defendants filed a Brief in Opposition.

The Court briefly will summarize the litigation of this case. The Plaintiff, Hickory Neighborhood Defense League (HNDL), originally filed this action seeking to enjoin the proposed widening project of North Carolina Highway 127 (hereafter "N.C. 127"). *See Hickory Neighborhood Defense League v. Burnley,* 703 F.Supp. 1208, 1210 (W.D.N.C.1988), *aff'd in part, vacated in part, and remanded,* 893 F.2d 58 (4th Cir.1990). HNDL contended essentially that the Defendants had failed to comply with section 4(f) of the Department of Transportation Act of 1966, codified as amended at 49 U.S.C. § 303(c) (hereafter

"§ 4(f)"). *Id.* at 1211. After the conclusion of a trial on the merits, this Court made detailed Findings of Fact and Conclusions of Law and entered a Judgment denying HNDL's request for injunctive relief and dismissing HNDL's claims on the merits. *Id.* at 1211–28. Upon HNDL's appeal, the United States Court of Appeals for the Fourth Circuit affirmed in part and vacated in part this Court's decision and remanded this case to this Court for limited proceedings. *See Hickory Neighborhood Defense League v. Skinner,* 893 F.2d 58, 63 (4th Cir.1990). On February 27, 1990, this Court entered an Order that resolved the remanded issues in favor of the Defendants and denied HNDL the requested relief, an injunction prohibiting the widening of N.C. 127. *See Hickory Neighborhood Defense League v. Skinner,* 731 F.Supp. 207, 208 (W.D.N.C.1990).

Because of the Fourth Circuit's remand, HNDL now is seeking the award of attorneys' fees and expenses, which totalled $40,748.93, and litigation costs, which totalled $3,873.04, pursuant to the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412 (1982 and Supp. V 1987). HNDL is seeking an award for costs incurred before this Court before and during the trial of this matter, before the Fourth Circuit during the appeal, and before this Court during the remand. HNDL argues that by virtue of the Fourth Circuit's remand, it is a prevailing party and entitled to an award under EAJA. The threshold, and potentially dispositive, issue presented by HNDL's Petition is whether HNDL is a prevailing party to this litigation entitled to the recovery of attorneys' fees, expenses, and litigation costs.

Under the pertinent provisions of EAJA,

A court shall award to a prevailing party ... fees and other expenses ... incurred by [a] party in a civil action ... brought against the United States ... unless the court finds that the position of the United States was substantially justified or that special cirucumstances make an award unjust.

*Id.* at § 2412(d)(1)(A).

Courts often have considered the meaning of and defined the term "prevail-

ing party" in the context of attorneys' fee awards. The United States Supreme Court has recognized that the definition of the term "prevailing party" is generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) (acknowledging that Congress patterned provision authorizing award of attorneys' fees to prevailing party under 42 U.S.C. § 1988 on attorneys' fee provisions in Titles II and VII of Civil Rights Act of 1964 and Voting Rights Act Amendments of 1975). Courts generally consider parties to be prevailing parties under EAJA if the parties "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. Courts should focus on whether the party seeking attorneys' fees and costs received substantially the relief requested or has succeeded on the central issue in the case. *Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir. 1985). To be entitled to attorneys' fees and costs, a party necessarily does not have to succeed on every issue, but must prevail on the merits of at least some of its case. *Hanrahan v. Hampton*, 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989–90, 64 L.Ed.2d 670 (1980); *Lytle v. Commissioners of Election of Union Co.*, 541 F.2d 421, 425 n. 6 (4th Cir.1976), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978). There must, however, be a determination of the substantial rights of the parties. *Hanrahan*, 446 U.S. at 757–58, 100 S.Ct. at 1989–90. A party, therefore, must prevail on more than a procedural issue or must succeed in obtaining more than a remand to the relevant administrative agency for further proceedings. *See Kitchen Fresh, Inc. v. N.L.R.B.*, 729 F.2d 1513, 1513 (6th Cir. 1984) (finding that although prevailing on procedural point, which would lead to further proceedings on merits, party was not entitled to award as prevailing party under EAJA); *McGill v. Secretary of Health and Human Serv.*, 712 F.2d 28, 31–32 (2d Cir. 1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984) (finding that social security claimant who obtained remand of claim to administrative agency, but not primary relief sought, was not prevailing party under EAJA).

After reviewing the applicable law and the case file, the Court finds that HNDL has not succeeded on any significant issue in this litigation. While HNDL did obtain a remand from the Fourth Circuit, this Court decided the remanded issues against HNDL and in favor of the Defendants. In resolving the remanded issues, the Court denied HNDL's request for an injunction prohibiting the widening of N.C. 127. The Court finds, therefore, that HNDL has failed to obtain the primary relief requested in the Complaint and has not prevailed on the merits of any significant aspect of its case. The Court concludes, therefore, that HNDL now is not entitled to any attorneys' fee award under EAJA. *See Druid Hills Civic Ass'n v. Federal Highway Admin.*, 833 F.2d 1545, 1550 (11th Cir.1987) (citations omitted) (although remanding case challenging administrative compliance with § 4(f), appellate court concluded that its remand did not afford plaintiffs the primary relief sought—prevention of construction on highway project—and, thus, did not entitle plaintiffs to award of attorneys' fees), *cert. denied*, —— U.S. ——, 109 S.Ct. 60, 102 L.Ed.2d 38 (1988).

By finding that HNDL is not a prevailing party under EAJA, the Court finds it unnecessary to consider whether the position of the United States in this litigation was substantially justified or whether special circumstances exist to make an award of attorneys' fees and costs unjust.

The Court recognizes that HNDL has appealed the Court's most recent request for permanent injunctive relief. Although expectant that its resolution of the issues will be affirmed on appeal, the Court will deny HNDL's Petition without prejudice. If HNDL receives favorable results on its latest appeal, HNDL subsequently may renew its Petition for Fees and Litigation Costs.

NOW, THEREFORE, IT IS ORDERED that the Plaintiff's Petition for Fees and

Litigation Costs be, and hereby is, DENIED WITHOUT PREJUDICE.