924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce Alan CURTIS, Plaintiff,
Ned Pillersdorf, as appointed counsel for Bruce Alan Curtis,
Attorney-Appellant,
v.
William STORY, Warden, Defendant-Appellee,
GEORGE WIGGENS, Associate Warden, et al., Defendants.
 No. 90-5636.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ned Pillersdorf, an attorney representing Bruce Alan Curtis in an interlocutory appeal, appeals the district court's order denying his motion for an award of attorney's fees filed under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Curtis, a pro se federal prisoner, sued the warden and seven other officers of the Federal Correctional Institution at Ashland, Kentucky, alleging violations of his fifth, eighth, and fourteenth amendment rights in a Bivens-type action. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On June 4, 1987, during the pendency of this action, Curtis moved the district court for a prohibitive injunction to prevent his transfer to another institution, allegedly for the purpose of hindering his prosecution of the Bivens action. The district court denied Curtis's motion for injunctive relief upon the magistrate's recommendation.
 
 
 3
 Curtis appealed the denial of his motion on several grounds, including the failure of the district court to conduct an evidentiary hearing prior to denying the motion. This court appointed Pillersdorf to represent Curtis pro bono in his appeal and, in an unpublished opinion, remanded the case to the district court for an evidentiary hearing. Curtis v. Story, No. 87-5988 (6th Cir. Nov. 25, 1988) (per curiam). On March 29, 1989, the magistrate again recommended denial of the injunction, based upon evidence presented at the hearing. On April 7, 1989, the district court adopted the magistrate's report and denied the motion for prohibitive injunction, noting Curtis's waiver of objections. The defendants ultimately prevailed on the underlying Bivens action.
 
 
 4
 On March 27, 1989, Pillersdorf submitted a motion for attorney's fees pursuant to the EAJA. The magistrate recommended granting fees under this statute. However, upon consideration of the defendants' objections, the district court denied Pillersdorf's motion on the ground that his client was not a prevailing party within the meaning of the EAJA.
 
 
 5
 On appeal, Pillersdorf argues that Curtis did prevail on the appeal in which Pillersdorf represented him, thus entitling Pillersdorf to an award of fees.
 
 
 6
 We shall affirm the district court's order because the court did not abuse its discretion in denying Pillersdorf's motion for attorney's fees under the EAJA. See Pierce v. Underwood, 487 U.S. 552, 559 (1988). Curtis's sole victory was procedural in nature and insufficient to establish that Curtis prevailed in his action for the purpose of an award of attorney's fees under the EAJA. See Texas State Teachers Ass'n v. Garland Indep. School Dist., 109 S.Ct. 1486, 1492-93 (1989); Kitchen Fresh, Inc. v. NLRB, 729 F.2d 1513, 1513 (6th Cir.1984).
 
 
 7
 Accordingly, the district court's order filed April 24, 1990 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.